929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Floyd N. SIMMS, Defendant-Appellant.
 No. 90-5474.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1991.
Decided March 26, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-89-111-2)
 Nelson Rufus Bickley, Jr., Bickley, Jacobs & Barkus, Charleston, W. Va., for appellant.
 John Kirk Brandfass, Office of the United States Attorney, Charleston, W. Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before K.K. HALL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Floyd Napoleon Simms pleaded guilty to one count of possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1), and a jury found him guilty of a second count. The district court sentenced Simms to 324 months imprisonment and a five-year term of supervised release. Simms appeals his convictions and we affirm.
 
 
 2
 Counsel for Simms has filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit in this appeal. Simms has filed a supplemental brief and appendix.
 
 
 3
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. Accordingly, we affirm.
 
 
 4
 Simms asserts in his supplemental brief that his convictions from the federal district court in Ohio and the federal district court in West Virginia violate the fifth amendment prohibition of double jeopardy. Simms pleaded guilty to conspiracy to possess cocaine with intent to distribute and to distribute in the Ohio district court. He was convicted of two counts of possession of cocaine with intent to distribute in the West Virginia district court. If evidence required to obtain a conviction in one prosecution would be sufficient for conviction of a second offense, the second trial is barred. See Martin v. Taylor, 857 F.2d 958, 959-60 (4th Cir.1988). None of the evidence used in the Ohio prosecution would be sufficient to convict Simms of the West Virginia charges. Thus, the West Virginia trial was not barred by double jeopardy. In addition, conspiracy and the completed substantive offenses are separate crimes. See Iannelli v. United States, 420 U.S. 770, 777 (1975).
 
 
 5
 Simms also alleges that his trial counsel was ineffective for various reasons. Since claims of ineffective assistance of counsel are not appropriately raised in a direct criminal appeal, we decline to address the merits of any ineffectiveness claims. Those allegations should be raised in a proceeding under 28 U.S.C. Sec. 2255. See United States v. Lurz, 666 F.2d 69, 78 (4th Cir.1981), cert. denied, 455 U.S. 1005 (1982).
 
 
 6
 Simms also challenges the composition of the jury venire. It is undisputed that there were no blacks in the venire and that the pool therefore did not reflect an exact cross-section of the community. But the Constitution does not require that the juror selection process be a statistical mirror of the community; it is sufficient that the selection be in terms of a "fair cross-section" gathered without active discrimination. United States v. Cecil, 836 F.2d 1431 (4th Cir.) (en banc), cert. denied, 487 U.S. 1205 (1988). Since Simms has not demonstrated any active discrimination in the selection of his jury pool, his claims in this regard are meritless.
 
 
 7
 Finally, Simms contends that the government breached a plea agreement he entered into in the district court in Ohio in which he agreed "to testify truthfully and completely concerning all matters pertaining to the Indictment returned herein and to any and all other illegal drug transactions in which he may have been involved or as to which he may have knowledge." The agreement continues that "any self-incriminating information so provided will not be used against the defendant in determining the applicable guideline range for sentencing, or as basis for departure from such guideline range." Simms alleges that statements he made to an Ohio probation officer were used to support a four-level increase in his offense level in West Virginia for playing a central leadership role in drug distribution. The sentencing transcript discloses that the court identified Simms "as a leader and organizer in an extensive scheme to distribute crack cocaine" based solely on the trial testimony of Simm's accomplice. There is no reference to any statements from Simms. Moreover, the Ohio plea agreement does not prohibit use of Simm's information outside of Ohio. Therefore, this issue has no merit.
 
 
 8
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. See Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari and take such steps as are necessary to protect the rights of his client.
 
 
 9
 Because the record discloses no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 10
 AFFIRMED.